IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MATTHEW S. LOGUE,                 *

    Plaintiff                    *

v.                                *           CIVIL NO. JKB-17-2097

PATIENT FIRST CORPORATION *et al.*, *

    Defendants                   *

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

This medical malpractice and wrongful death suit was originally filed in Pennsylvania state court. (Compl., ECF No. 1-2.) Defendants Patient First Corporation; Patient First Urgent Care, East York; and Esmeralda Del Rosario, M.D., removed the case to the United States District Court for the Middle District of Pennsylvania (Notice of Removal, ECF No. 1), after which Plaintiff filed a motion to transfer venue to the District of Maryland (Mot. Transfer, ECF No. 19), which was granted (July 26, 2017, Order, ECF No. 30). Now pending before the Court are Defendants' motion to dismiss for failure to state a claim (Defs.' Mot. Dismiss, ECF No. 41) and Plaintiff's motion to consolidate this case (Pl.'s Mot. Consol., ECF No. 49) with a related case already pending in this Court, *Logue v. Patient First Corp. et al.*, Civ. No. JKB-16-3937. Plaintiff has opposed the motion to dismiss (ECF No. 48), but Defendants have filed no reply. Defendants have not opposed the motion to consolidate. No hearing is necessary. Local Rule 105.6 (D. Md. 2016). Defendants' motion will be denied, and Plaintiff's motion will be granted.

The only ground advanced by Defendants in support of their motion to dismiss is that Plaintiff failed to follow the process required by the Maryland Health Care Malpractice Claims

Act ("MHCMCA"), codified at Md. Code Ann., Cts. & Jud. Proc. § 3-2A-01 *et seq.* (LexisNexis 2013) before filing suit. Defendants' argument has no merit. The MHCMCA only applies to suits against Maryland-licensed health care providers. *See* § 3-2A-01(f) (defining health care provider as one "licensed or authorized to provide one or more health care services in Maryland"). The MHCMCA does not apply to an out-of-state health care provider. *See Rosenberg v. Institute of the Pennsylvania Hosp.*, 535 A.2d 961, 962 (Md. Ct. Spec. App. 1988) (reversing dismissal of case against out-of-state health care provider when dismissal was based on failure to comply with MHCMCA). The three providers who are Defendants in this case are Pennsylvania-licensed providers who provided medical treatment to the decedent in Pennsylvania. The only case cited by Defendants to support their contention is *Haskins v. Washington Adventist Hosp., Inc.*, Civ. No. PJM-12-123, 2012 WL 3025113 (D. Md. July 23, 2012), but that case is easily distinguished by the fact that the provider was a Maryland-licensed provider that rendered care to the plaintiff in Maryland, and that is the reason compliance with the MHCMCA was necessary despite the case's having been transferred from the Eastern District of Virginia, which was an improper venue for suit against the hospital. That Dr. Del Rosario is also licensed to practice in Maryland (as Plaintiff indicates in a footnote to its opposition response (Pl.'s Opp'n 3 n.1)) does not change the Court's conclusion since it is the care she rendered in Pennsylvania that is at issue here.

This case is the Pennsylvania portion of a course of treatment that also involved the rendering of health care in Maryland. The Maryland portion is the subject of 16-3937. The two cases clearly should be considered as one case. Consequently, the Court will, by separate order, consolidate the two cases for all further proceedings.

Based on the foregoing reasons, IT IS HEREBY ORDERED that Defendants' motion to dismiss (ECF No. 41) IS DENIED. Defendants SHALL ANSWER in the time accorded by Federal Rule of Civil Procedure 12(a)(4)(A).

DATED this __27__ day of September, 2017.

BY THE COURT:

_/s/ James K. Bredar_
James K. Bredar
United States District Judge